**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ALREE B. SWEAT III,
JENNIFER M. MADDOX,

      Plaintiffs,

      v.                                                       No. CV 14-0034 LH/LAM

JUDGE CONRAD PEREA,
DET. MIKE RICHARDS,
DET. JOHN DOE OF LCPD,
DEMING POLICE OFFICER JOHN DOE,
CHIEF OF POLICE OF LAS CRUCES AND DEMING,
LUNA COUNTY DETENTION CENTER,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiffs' U.S.C. 1981, 1982, 1983 and 1984 Tort Claim (the "complaint") filed on January 9, 2014.  The complaint is signed only by Plaintiff Sweat, who is incarcerated, appears pro se, and is proceeding in forma pauperis.   Also before the Court is Plaintiff Sweat's Motion to Amend Plaintiff's (Doc. 11).  For reasons set out below, Plaintiff Maddox will be dismissed as a party, and the complaint will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."   The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)

(quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.   *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiffs were stopped by an officer of the Deming, New Mexico, police department pursuant to a bench warrant for Plaintiff Sweat's arrest issued by Defendant Perea.   A number of police cars surrounded Plaintiffs' vehicle, and Plaintiffs were ordered out of their car at gunpoint.   Plaintiff Sweat was taken to the police station.   An allegedly illegal search warrant was served by Defendant John Doe of LCPD and executed by Defendant Deming Police Officer John Doe, and Sweat gave a DNA sample.   He was then taken to the Luna County Detention Center, detained for five days without an initial appearance on the charges, and released.   These events caused him to lose his job.

Later, at an initial hearing in the state court criminal case, Defendant Detective Richards did not appear to testify, and Defendant Perea dismissed the charges against Plaintiff Sweat.   The complaint also alleges that the chiefs of police in Deming and Las Cruces failed to adequately train their officers.   Defendant Deming County Jail allegedly failed to follow state procedural rules for treatment of detainees.   Plaintiffs contend that Defendants' actions violated a number of federal and state constitutional, statutory, and common law protections.   The complaint seeks damages and certain equitable relief.

The complaint purports to assert claims of Plaintiffs Alree B. Sweat III and Jennifer Maddox, although the pleading is signed only Plaintiff Sweat.   Plaintiff Sweat may not raise the claims of another individual, no matter how meritorious the claims may be.   "The general rule . . .

is that a plaintiff must assert his own constitutional rights," *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986), but "not the claims of others," *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).   In Plaintiff Sweat's subsequent motion to amend, he states that Plaintiff Maddox intends to represent herself and that Sweat will be the only Plaintiff in this action. Under the rule noted in *Cotner*, the motion to amend is moot and will be denied.   The claims of purported Plaintiff Maddox will be dismissed.

Plaintiff Sweat's allegations do not support § 1983 claims against Defendant Judge Perea. "It is well-settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties."  *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978) (additional citations omitted)).   This is true regardless of the judge's motive.  *See Stump*, 435 U.S. at 356-57.   Plaintiff's claim for damages against Defendant Judge Perea will therefore be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff alleges that the arrest warrant was "bogus . . . for a charge that had never been committed," and the search warrant did not have a State seal affixed.   He contends that the actions of Defendants Richards, John Doe of LCPD, and Deming Police Officer Doe amounted to unreasonable search and seizure, as well as false arrest and imprisonment.   No relief is available on these claims because, as stated in the complaint, each of these actions was taken pursuant to a warrant issued by Defendant Judge Perea.   (Comp. at 2-3.)   "[C]laims of false arrest [and] false imprisonment . . . must be premised on a lack of probable cause," *Hoffman v. Martinez*, 92 F. App'x 628, 631 (10th Cir. 2004), and because Plaintiff was bound over for trial, probable cause for his arrest is a settled matter, *see Romero v. Fay*, 45 F.3d 1472, 1480 (10th Cir. 1995) (noting that officers were "under no obligation to forego [sic] arresting Plaintiff or release him merely because

he said he was innocent."). Furthermore, his claims of false arrest and imprisonment are not based on a sufficient allegation of favorable termination of the state criminal proceeding. The charges against Plaintiff were dismissed because Defendant Richards did not appear to testify. This termination does not "indicate the innocence of the accused," *Wilkins v. DeReyes*, 528 F.3d 790, 803 (10th Cir. 2008) (citing Restatement (Second) of Torts § 660 (1977)), and thus Plaintiff's allegations do not support these claims.

Plaintiff's allegation that he was detained for five days without a detention hearing is not directed against a named Defendant. To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* "[T]o present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted). This claim will be dismissed.

No relief is available on Plaintiff's allegations that Defendant Chief of Police Las Cruces and Deming failed to train their officers. Primarily because the officers' actions did not violate Plaintiff's federal rights, and also because Plaintiff does not allege any of the elements of a failure-to-train claim, *cf. Lewis v. Board of County Commissioners of Sedgwick County*, 56 F. App'x 873, 874 (10th Cir. 2003) (identifying elements in an excessive-force case), this claim will be dismissed. Nor may the Court grant relief against Defendant Deming County Jail. "[A] detention facility is not a person or legally created entity capable of being sued." *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001). The Court will dismiss Plaintiff's claims against these

4

Defendants.

Last, Plaintiff contends that Defendants' alleged actions violated certain of his rights under state law.   In view of the dismissal of all federal claims against Defendants, the question arises whether this Court should exercise jurisdiction of Plaintiff's state law claims.   It is assumed for purposes of this opinion that this Court has "supplemental jurisdiction" of these claims.   *See* 28 U.S.C. § 1367(a).   The Court may, nonetheless, "decline to exercise supplemental jurisdiction over a claim . . . if-- . . . (3) the district court has dismissed all claims over which it has original jurisdiction."   § 1367(c)(3).   Under the terms of the statute, the Court declines to exercise supplemental jurisdiction and will dismiss Plaintiff's state law claims without prejudice to his right to pursue these claims in a state forum.   *See Wishneski v. Andrade*, --- F. App'x ----, No. 13-2199, 2014 WL 3453607, at *6 (10th Cir. July 16, 2014) (remanding with directions to dismiss state claims without prejudice); *but cf. Styskal v. Weld Cnty. Bd. of Cnty. Comm'rs*, 365 F.3d 855, 859 (10th Cir. 2004) (rejecting assertion that federal court's dismissal of state claims with prejudice precludes adjudication of the claims in state court).

IT IS THEREFORE ORDERED that Plaintiff Sweat's Motion to Amend Plaintiff's (Doc. 11) is DENIED as moot, and Plaintiff Maddox is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that Plaintiff's federal claims are DISMISSED with prejudice; otherwise his complaint is DISMISSED without prejudice; pending motions are DENIED as moot; and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE